UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 06 CR 918 |
| v. | ) | |
| | ) | Honorable Charles R. Norgle |
| DONALD BAGGETT | ) | |

**OPINION AND ORDER**

Charles R. Norgle, District Judge

Before the court is Defendant Donald Baggett's motion for a new trial. For the following reasons, the motion is denied.

## I. BACKGROUND

On March 1, 2007, a five count superceding indictment naming Defendant Donald Baggett ("Baggett") charged that between June 20, 2006 and December 7, 2006, Baggett, by force and violence, and by intimidation, robbed five Chicago banks, in violation of 18 U.S.C. § 2113(a). Baggett entered a plea of not guilty, and elected to exercise his right to a trial by jury. The trial began on May 8, 2007.

The Government presented, *inter alia*, the following evidence. As to the June 20, 2006 robbery, the victim bank teller picked Baggett out of a photo lineup. Video surveillance tapes clearly showed Baggett robbing the bank. The authorities recovered the demand note from the robbery, which was nearly identical to a demand note Baggett used during a later bank robbery. Baggett carried a folder during the robbery. As to the September 13, 2006 robbery, the victim bank teller picked Baggett out of a photo lineup, and video surveillance tapes clearly showed Baggett robbing the bank. The authorities recovered clothing and a hat Baggett wore during the

1

robbery. As in the June 20 and December 7 robberies, Baggett again carried a folder. With respect to the September 18, 2006 robbery, video surveillance tapes once again showed Baggett robbing the bank. The demand note was recovered. Baggett once again carried a folder during the robbery. The authorities recovered a hat worn by Baggett during the robbery. As to the October 17, 2006 robbery, the victim teller picked Baggett out of a photo lineup, and video surveillance tapes again clearly showed Baggett robbing the bank. The authorities recovered the demand note, as well as clothing and a hat worn by Baggett during the robbery. Baggett again carried a folder during the robbery. With respect to the December 7, 2006 robbery, the victim teller picked Baggett out of a photo lineup. A police officer witnessed Baggett sitting in the passenger seat of a car speeding away from the robbery. When Baggett was taken into custody, the authorities recovered "bait bills" from the robbery in his front pants pocket. The authorities also recovered the demand note, debit slips from the teller's drawer, and a jacket worn by Baggett during the robbery. The government also introduced into evidence a Resurrection Hospital folder identical to the one used by Baggett during the September 13 and October 17 robberies.

On May 10, 2007, the jury found Baggett guilty on all counts. The court gave Baggett until June 11, 2007 to file post-trial motions. Sentencing is set for September 19, 2007. On June 13, 2007, Baggett filed the instant motion for a new trial. Baggett asserts that it was unfairly prejudicial for the court to have allowed the government to introduce the Resurrection Hospital folder into evidence, and that the evidence was insufficient to convict. The government timely filed its Response to this motion. The court ordered Baggett to file his Reply to the government's Response on or before July 16, 2007. As of July 18, 2007, Baggett had not filed a Reply.

## II. DISCUSSION

### A. Timeliness

Before the court addresses the merits of Baggett's motion, it must address the threshold question of whether Baggett's motion was timely filed. Pursuant to Federal Rule of Criminal Procedure 33(b)(2), "[a]ny motion for a new trial grounded on any other reason than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." The Advisory Committee Notes to the 2005 Amendments to Rule 33 indicate that if the court so orders within the 7 day period, a Defendant may file a motion for a new trial within another time frame. In this case, on the day of the guilty verdict, the court ordered that Baggett file post-trial motions on or before June 11, 2007. Baggett filed his motion for a new trial on June 13, 2007. This motion is therefore arguably untimely. However, the government failed to raise the defense of untimeliness, and this defense is thus forfeited. See Eberhart v. United States, 546 U.S. 12, 19 (2005). The court therefore considers this motion on its merits.

### B. Baggett's Motion for a New Trial

Pursuant to Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The court should order a new trial "only where the verdict is against the manifest weight of the evidence, and a guilty verdict would result in a miscarriage of justice." United States v. Jenkins, 218 F.R.D. 611, 613 (N.D. Ill. 2003). Motions to grant a new trial "are disfavored, and properly granted only in the most extreme cases." Id. In deciding a motion to grant a new trial, "the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses." United States v. Washington, 184 F.3d 653, 657 (7th Cir.

1999). "If the complete record, testimonial and physical, leaves a strong doubt as to the defendant's guilt, even though not so strong a doubt as to require a judgment of acquittal, the district judge may be obliged to grant a new trial." United States v. Morales, 910 F.2d 467, 467 (7th Cir. 1990). "The decision to grant or deny a motion for a new trial rests within the sound discretion of the trial court." United States v. Reed, 875 F.2d 107, 113 (7th Cir. 1989).

Baggett's claim that the Government introduced insufficient evidence to convict in this case is frivolous. In part I of this Opinion, the court has summarized the overwhelming evidence presented against Baggett. The jury's guilty verdict was clearly not "against the manifest weight of the evidence." See Jenkins, 218 F.R.D. at 613.

The Supreme Court has defined the term "unfair prejudice" regarding a criminal defendant as follows: "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). In other words, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id.; Young v. Rabideau, 821 F.2d 373, 377 (7th Cir. 1987).

Baggett fails to explain how the Government's introduction of a replica hospital folder was unfairly prejudicial to him in some way. Baggett's assertion that the introduction of such a commonplace item into evidence somehow induced the jury to convict him on an improper basis is utterly unsupported and frivolous, and the court will not entertain it. "The lack of development of this argument and absence of supporting caselaw speaks to the paucity of the argument . . . Arguments that are not adequately developed or supported are waived." United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) (internal quotation marks and citation omitted).

## III. CONCLUSION

For the foregoing reasons, Baggett's motion for a new trial is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: July 18, 2007